IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NITA JEAN KING,

    Plaintiff,

v.                                      Civil Action No. 5:13CV102
                                                      (STAMP)
WETZEL COUNTY COMMISSION
and SCOTT LEMLEY,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S RESPONSES TO
EACH DEFENDANTS' MOTION TO DISMISS,
GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT
OF TIME TO FILE RESPONSE AND
DENYING AS MOOT DEFENDANTS' MOTION TO
STAY TIMEFRAME TO FILE REPLY BRIEFS</u>**

I.  <u>Background</u>

On August 7, 2013, the defendants in the above-styled civil action removed this case from the Circuit Court of Wetzel County, West Virginia pursuant to 28 U.S.C. § 1331.  Thereafter, the defendants filed motions to dismiss the plaintiff's complaint.  The plaintiff then filed a timely amended complaint.  Accordingly, this Court denied the defendants' motions to dismiss the original complaint.  On September 17, 2013, after the plaintiff filed her amended complaint, the defendants filed separate motions to dismiss the amended complaint.  The plaintiff responded to these motions on October 7, 2013, 21 days after the motions were originally filed.

On October 8, 2013, the defendants filed a motion to strike the plaintiff's responses as untimely. In support of this motion the defendants assert that Federal Rule of Civil Procedure 15(a)(3) and Local Rule of Civil Procedure 7.02(b)(1) require that the responsive pleadings at issue be filed and served within fourteen days from the date of the service of a motion. The defendants assert that the plaintiff served her responsive pleadings seven days after this deadline had passed. Therefore, the defendants believe that this Court should strike her responses. Thereafter, the defendants also filed a motion to stay the timeframe to file reply briefs in regard to the defendants' motions to dismiss. The defendants request that they be permitted to file such replies after this Court rules on their motion to strike the plaintiff's responses.

The plaintiff then responded in opposition to the defendants' motion to strike. The plaintiff asserts that the late response was the result of a clerical calendaring error, and amounts to excusable neglect. The plaintiff also filed a motion for enlargement of time to file responses to the defendants' motions to dismiss, so as to allow for her responses to be considered timely. This Court finds that the plaintiff's response to the defendants' motion to strike and the plaintiff's motion for enlargement of time to file responses provided it with sufficient information to rule

on all of the above-mentioned motions without requiring any further briefing from the defendants.

## II. Discussion

Federal Rule of Civil Procedure 6(b)(1)(B) governs determinations of whether to extend the time for filing responsive pleadings and provides, in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court has developed factors that courts should consider when determining whether a moving party has established excusable neglect. The factors for consideration are: (1) "the danger of prejudice to [the non-moving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was in the reasonable control of the movant, and" (4) "whether the movant acted in good faith." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

First, this Court does not believe that any prejudice will result from denying the defendants' motion to strike and therefore considering the plaintiff's responses to the defendants' motions to dismiss. The defendants have not asserted that they will be prejudiced in any way, but only assert that because the plaintiff violated the federal and local rules concerning response times, the

responses should not be considered. The plaintiff, however, will be prejudiced by not being permitted to defend against the motions to dismiss. Further, the plaintiff filed her responses just seven days late, and this matter is only in the early stages of the litigation. Therefore, the first two factors certainly weigh in favor of finding excusable neglect on behalf of the plaintiff.

In the plaintiff's response to the motion to strike and again in her motion for an enlargement of time to file the responses, she explains that the late filing occurred as a result of a clerical error by her attorneys. She asserts that the due date for the response was calendered wrong and, due to a busy litigation schedule, the plaintiff's counsel did not notice this error. This excuse is not the most persuasive excuse to show excusable neglect, as it was clearly in the plaintiff's counsel control. The plaintiff, however, does not seem to have acted with any bad faith. Thus, in weighing the factors, this Court finds that the plaintiff has established excusable neglect, and as such this Court will consider plaintiff's responses in making any determination regarding the defendants' motions to dismiss. A motion to dismiss should be considered on its merits and not by default.

### III. Conclusion

For the reasons stated above, the plaintiff's motion for an enlargement of time to file her response (ECF No. 27) is GRANTED, and the defendants' motion to strike (ECF No. 21) is DENIED.

Further, defendants' motion to stay the timeframe to file reply briefs (ECF No. 24) is DENIED AS MOOT.  This Court, however, will allow the defendants additional time to file replies, as the time for filing such pleadings has expired.  Accordingly, the defendants are DIRECTED to file any replies in support of their motions to dismiss on or before **Friday, October 25, 2013 by 5:00 p.m.**

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 17, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE